**PHOENIX ASSURANCE COMPANY OF NEW YORK, Appellant,**

v.

**FIRST BANK AND TRUST COMPANY.**

**No. 14196.**

United States Court of Appeals Third Circuit.

Argued March 21, 1963.

Decided April 19, 1963.

Louis Auerbacher, Jr., Newark, N. J., for appellant.

Murray Greiman, Jersey City, N. J. (Lifland & Greiman, Jersey City, N. J., on the brief), for appellee.

Before HASTIE, GANEY and SMITH, Circuit Judges.

PER CURIAM.

This is an appeal from an order granting summary judgment for a defendant in an action for money damages.

The plaintiff, an insurance company, sued as the assignee of the rights of Amboy Manufacturing Co. against the defendant on a claim, the nature of which is indicated in the complaint and in the assignment which is annexed to the complaint. Additional details are disclosed by affidavits supporting and opposing the motion for summary judgment. In brief, it appears without dispute that Amboy maintained a checking account with the defendant bank upon which Amboy's payroll checks were drawn. A payroll clerk employed by Amboy inscribed the names of persons not entitled to compensation as payees on payroll checks, forged endorsements of these named payees, added her own endorsement and cashed the checks at defendant bank. The bank charged these items against Amboy's account. The plaintiff alleged that the bank's action was wrongful and that the bank thereby became indebted to Amboy in the amount of $11,659.67. Plaintiff, having insured Amboy against loss resulting from such misconduct of the payroll clerk as occurred in this case, reimbursed Amboy for the amount thus deducted from its account and received an assignment of Amboy's claim against the bank.

■ In terms, the insurance policy covered, among other things, "loss which the Insured or any bank which is included in the Insured's proof of loss and in which the Insured carries a checking or savings account, as their respective interests may appear, shall sustain through forgery or alteration of * * * (c) any payroll check * * * made or drawn by the Insured, payable to * * * a named payee and endorsed by anyone other than the named payee without authority from such payee". Relying upon this provision and another which is limited by it, the bank sought summary judgment on the theory that it was "included in Insured's proof of loss", and as one thus insured and protected by the policy could not be compelled to reimburse the insurer for its payment of a loss under the policy. The district court sustained this legal contention and granted summary judgment for the defendant.

We think the district court erred in thus holding that the defendant bank was "included in Insured's proof of loss". Amboy's proof of loss comprehended the fact and the amount of the deduction that had been made from its bank balance. By this deduction the bank prevented itself from bearing or sharing the loss incurred and proved by Amboy. Actually, the bank chose to impose the loss on Amboy, thereby leaving itself outside of the area of coverage stated in the policy. Accordingly, the legal defense that the bank sought to establish through its motion for summary judgment and supporting affidavits must fail.

■ We have not overlooked a contention of the bank that it is protected by a provision of Section 13 of the policy issued to Amboy which provides that the insurer "waives any right of contribution which it may have against any forgery insurance carried by any depository bank which is indemnified under Insuring Agreement V". It is admitted that the bank does carry forgery insurance. However, "Insuring Agreement V" is the provision, discussed above, extending coverage to "any bank which is included in the Insured's proof of loss", and we already have concluded that, in the circumstances of this case, the defendant bank was not "included in the Insured's proof of loss". Therefore, this contention also must fail.

The judgment will be reversed and the cause remanded for trial or other appropriate proceedings consistent with this opinion.